■ DAVID SMITH, Appellant, v CITY OF NEW YORK et al., Respondents. [877 NYS2d 13]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 9, 2008, which, in an action against the City and a police officer for false arrest and imprisonment, malicious prosecution, assault and battery and violation of civil rights, granted defendants' motion to change venue from Bronx County to Queens County, unanimously affirmed, without costs.

The action was properly transferred to Queens County, where plaintiff was arrested, initially incarcerated and prosecuted. CPLR 504 (3), which provides that the place of trial in an action against the City shall be in the county within the City where the cause of action arose, "implements the public policy of giving all due consideration to the convenience of public officials, and should be complied with absent compelling countervailing circumstances" (*Rose v Grow-Perini*, 271 AD2d 210, 211 [2000]). That defendants made their motion to change venue approximately two months after serving their demand for a change of venue with their answer, in noncompliance with the statutory 15-day time limit in CPLR 511 (b), is not so compelling a circumstance as to override CPLR 504 (3). We also reject plaintiff's argument that Bronx County is a proper venue by reason of his detention for slightly more than a day at Rikers Island, in the Bronx, after his arrest and booking. Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.