ANTHONY ORTIZ, Appellant, v MICHAEL CODELLA, Respondent, et al., Defendants. [998 NYS2d 338]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered August 19, 2013, which granted defendant Codella's motion to change venue from Bronx County to New York County pursuant to CPLR 504 (3), unanimously affirmed, without costs.

Plaintiff seeks to recover damages for malicious prosecution and violation of his civil rights under 42 USC § 1983, alleging that he was wrongfully convicted of a murder he did not commit based on serious misconduct by the individual defendants, then employed by the New York City Housing Authority and New York City Police Department. Plaintiff's conviction was vacated based on a showing of prosecutorial misconduct (*People v Colon*, 13 NY3d 343 [2009]), after he had served nearly 20 years in prison. Since plaintiff's federal and state tort claims against the City all arose in New York County, where the alleged misconduct occurred and where he was arrested and prosecuted, the motion for a change of venue pursuant to CPLR 504 (3) was properly granted, notwithstanding that he was held in Rikers Island in Bronx County for 20 months prior to and during the criminal trial (*see Thames v New York City Police Dept.*, 105 AD3d 481 [1st Dept 2013]; *Smith v City of New York*, 60 AD3d 540 [1st Dept 2009]).

Although plaintiff also alleges that he suffered physical injury

when he was attacked by an inmate at Rikers Island, that incident does not form the basis of any distinct claim against the City based on misconduct of City officials occurring in Bronx County (*see Thames*, 105 AD3d 481; *compare Rodriguez v City of New York*, 92 AD3d 596 [1st Dept 2012]). Plaintiff's tangential allegation in support of his federal civil rights claims, that the Police Department was deliberately indifferent to a pattern of similar police misconduct, including misconduct in other cases occurring in the Bronx, is an insufficient basis for finding that his own claims arose in Bronx County.

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.